# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

In re: )
)
Tommy R. Peeples, ) Case No.: 04-11019-BGC-13
)
    Debtor. )

**ORDER**

The matters before the Court are:

1. An <u>Objection to Confirmation</u> filed on January 24, 2005, by Vanderbilt Mortgage and Finance, Inc.;

2. A <u>Motion to Dismiss</u> filed on January 24, 2005, by Vanderbilt Mortgage and Finance, Inc.;

3. An <u>Objection to Confirmation and Motion to Dismiss</u> filed on January 25, 2005, by the Chapter 13 Trustee;

4. Confirmation of the debtor's plan;

5. A <u>Motion to Withdraw as Attorney</u> filed on March 1, 2005, by Donna Beaulieu.

After notice, hearing was held on May 3, 2005. Appearing were the debtor; Amy Thompson for the debtor; James P. Wilson, Jr. for Vanderbilt Mortgage and Finance, Inc.; Burt Newsome for First National Bank of Shelby County; and Sims Crawford, the Chapter 13 Trustee.

At the hearing the debtor made an oral motion to convert the existing Chapter 13 case to Chapter 7. Both appearing creditors opposed the motion.

Based on the plain language of section 1307(a) of the Bankruptcy Code, the Court finds that the debtor has an absolute right to convert this Chapter 13 case to Chapter 7.

In <u>In re J.B. Lovell Corp.</u>, 876 F.2d 96 (11th Cir. 1989) the Court of Appeals for the Eleventh Circuit interpreted the language of section 706(a) to provide a debtor with a one-time right to convert a case from Chapter 7 to another chapter. Section 706(a) reads:

> The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

11 U.S.C. § 706(a).

Of that language, the Court wrote, "Under § 706, the Code grants debtors a one-time absolute right to voluntarily convert a Chapter 7 proceeding against them into a Chapter 11 reorganization proceeding or Chapter 13 individual repayment plan...." Id. at 97.

The language in section 1307(a) is almost identical. It reads:

> The debtor may convert a case under this chapter to a case under chapter 7 of this title at any time. Any waiver of the right to convert under this subsection is unenforceable.11 U.S.C.A. § 1307

In In re Frausto, 259 B.R. 201 (Bkrtcy. N.D. Ala. 2000), this court recognized the relationship between these two sections and accepted that a Chapter 13 debtor has the absolute right to convert to Chapter 7. This Court wrote:

> Chapter 13 is a voluntary process. No one can force a debtor into Chapter 13. No involuntary petitions may be filed and debtors cannot be forced to convert cases filed under another chapter of the Bankruptcy Code to Chapter 13. See 11 U.S.C. § 303(a) and § 706(c). And once a debtor files a Chapter 13 case, no one may force a liquidation of that debtor's assets, that is except by requesting and obtaining conversion of the case to Chapter 7. See 11 U.S.C. § 1307(c).
>
> There are however, no such limitations on the Chapter 13 debtor. Like a Chapter 7 trustee, a Chapter 13 debtor has the authority to and choice to administer the "property of the estate." That debtor may avoid the liquidation of assets by voluntarily filing a Chapter 13 petition or may accept liquidation by voluntarily converting a Chapter 13 case into a case under Chapter 7. See 11 U.S.C. § 706(a). The Chapter 13 debtor, rather than the Trustee, is specifically endowed, pursuant to section 1303, with the authority, "exclusive of the trustee," to use, sell or lease property of the estate. 11 U.S.C. § 1303 (emphasis added). Section 1306(b) mandates that "the debtor shall remain in possession of all property of the estate." 11 U.S.C. § 1306(b)(emphasis added). "Property of the estate," which, pursuant to section 1306(a), includes all property specified in section 541 plus all property and earnings acquired by the debtor after the bankruptcy filing, "vests ... in the debtor " (section 1327(b)) "free and clear of any claim or interest of any creditor provided for in the plan" (section

2

1327(c)) (emphasis added) upon confirmation. And a debtor who exercises the **absolute right to convert to Chapter 7**, continues following conversion, (pursuant to section 348(f)), to be in complete charge and control of property acquired after filing the original Chapter 13 petition.

Id. at 211 (emphasis added).

This case has not been converted before, therefore based on the above, the Court finds that the debtor's oral motion is due to be granted.

It is therefore ORDERED:

1. The debtor's Oral Motion to Convert to Chapter 7 is **GRANTED**;

2. The Objection to Confirmation filed by Vanderbilt Mortgage and Finance, Inc. Is **MOOT**;

3. The Motion to Dismiss filed by Vanderbilt Mortgage and Finance, Inc. Is **MOOT**;

4. The Objection to Confirmation and Motion to Dismiss filed by the Chapter 13 Trustee is **MOOT**;

5. Confirmation of the debtor's plan is **MOOT**;

6. The Motion to Withdraw as Attorney filed by Donna Beaulieu is **GRANTED**;

7. This order is a written opinion for purposes of the E-Government Act, Pub. L. No. 107-347.

Dated: May 9, 2005  /s/Benjamin Cohen
BENJAMIN COHEN
United States Bankruptcy Judge